IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN REGAN,

    Plaintiff,

vs.

TERRY ANDERSON, DAVE REDNOUR,
S.A. GODINEZ, MELISSA SAUERWINE
and JEANETTE COWAN,

    Defendants.

Case No. 12-cv-575-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 81) of Magistrate Judge Philip M. Frazier in which he recommends the Court grant defendants Anderson's, Cowan's, Godinez's, Rednour's, and Sauerwine's (collectively "Defendants") motion for summary judgment (Doc. 51) and deny as moot plaintiff John Regan's motion to substitute party. For the following reasons, the Court adopts the R & R in its entirety.

    1. R & R Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Regan has objected to the R & R the Court will undertake a *de novo* review.

2. Background

Regan is in the custody of the Illinois Department of Corrections ("IDOC") and incarcerated at Pontiac Correctional Center ("Pontiac"). He is currently serving consecutive 25-year sentences for two counts of aggravated criminal sexual assault and one count of aggravated kidnapping and seven-year sentences for burglary and robbery. He was incarcerated at Menard Correctional Center ("Menard") when he filed the instant complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. He alleges Defendants failed to protect him and seeks an injunction that would keep him in protective custody. He further maintains it is possible that he may return to Menard because Menard is one of only two facilities he could be placed if he is transferred out of Pontiac.

Upon his incarceration in the Cook County Jail, Regan renounced his membership in the Y-Lo Cobra street gang. In return, other gang members attacked and caused serious injuries to him on two different occasions. While in IDOC custody, he has continued to receive death threats from gang members. For instance, in February 2005, while he was incarcerated at Stateville Correctional Center he was involved in an altercation with a Gangster Disciples member who subsequently put out a "smash on sight order" on Regan. In response to these threats, Regan's request for protective custody was approved in July 2005 and he was transferred to Pontiac. That protective custody status, however, was revoked in 2011, and Regan was transferred to Menard on October 7, 2011. In November 2011 he requested to be placed in protective custody at Menard, and defendants Cowan, Sauerwine, and Rednour denied his request. Regan appealed this denial. Defendant Anderson, Chairperson of the IDOC Administrative Review Board, denied his appeal on February 9, 2012, and defendant Godinez, IDOC Director, approved the denial of Regan's appeal. As a result, Regan was placed back in general population.

Regan began to once again receive death threats, and he specifically refers to a letter in which another inmate stated the Latin Folks had "burnt" him and he would be stabbed. Regan was then placed in protective custody at Menard. Thereafter, he was transferred to Pontiac where he remains in protective custody. He now seeks a permanent injunction preventing defendants from placing him back in general population.

    3.   Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

    A district court has authority to grant injunctive relief to a prison as follows:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly draw, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1). However, a prisoner's request for injunctive relief relevant to a particular institution is rendered moot upon his transfer to a different prison. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). Regan was transferred to Pontiac and he must "provide more than just his conjecture of a

possible return to [Menard] to stave off dismissal for mootness." *See Preiser v. Newkirk*, 422 U.S. 395, 403 (1975).

Here, Regan has only suggested that he may possibly go back to Menard if he is transferred out of Pontiac. He has no evidence and nothing above his own speculation to support this contention. Accordingly, his claims for injunctive relief are moot. Even if he could make a showing that he was likely to be transferred back to Menard, his claim for relief would fail. Regan is currently in protective custody and has provided no reason for this Court to believe that IDOC officials are about to place him back in a situation in which he would be in substantial danger. To the extent he seeks this Court to enjoin IDOC from conducting reviews of his protective custody status, his claim would fail because it is contrary to the PLRA's command that district narrowly draw injunctive relief only to the extent necessary to protect the rights of the plaintiff. Right now, Regan is in protective custody and he does not allege that is insufficient to protect him from gang retaliation.

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 81), **GRANTS** defendants' motion for summary judgment (Doc. 51), **DENIES** Regan's motion to substitute party as moot (Doc. 76), and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** March 31, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**